People v Lopez (2021 NY Slip Op 02546)





People v Lopez


2021 NY Slip Op 02546


Decided on April 28, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 28, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2014-10934
 (Ind. No. 1683/97)

[*1]The People of the State of New York, respondent,
v
Sandro I. Lopez, appellant.


Paul Skip Laisure, New York, NY (Patricia Pazner of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Avshalom Yotam of counsel), for respondent.
Appeal by the defendant, by permission, from an order of the Supreme Court, Kings County (William E. Garnett, J.), dated October 28, 2014, which denied, without a hearing, his motion pursuant to CPL 440.10 to vacate a judgment of the same court (David Friedman, J., at plea; Patricia DiMango, J., at sentence; William E. Garnett, J., at resentence) rendered October 2, 2002, as amended after resentencing on December 18, 2013, pursuant to the Drug Law Reform Act of 2009 (CPL 440.46), convicting him of criminal possession of a controlled substance in the third degree, upon his plea of guilty.



DECISION & ORDER
Motion by the respondent to dismiss the appeal on the ground that the appellant has been deported and is no longer available to obey the mandate of the Court. By decision and order on motion of this Court dated June 3, 2020, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeal, it is
ORDERED that the motion to dismiss the appeal is granted; and it is further,
ORDERED that the appeal is dismissed, without prejudice to a motion to reinstate the appeal should the defendant return to this Court's jurisdiction.
The defendant was born in the Dominican Republic and came to the United States at the age of 13 as a legal permanent resident. In 1997, at the age of 20, the defendant was arrested and charged with criminal possession of a controlled substance in the first degree and criminal possession of a controlled substance in the third degree. In July 1997, he pleaded guilty to criminal possession of a controlled substance in the third degree (hereinafter the 1997 conviction) in exchange for a sentence promise of a term of imprisonment of 8&frac13; to 25 years.
When the defendant failed to appear for sentencing on September 17, 1997, a bench warrant was issued for his arrest, and he was charged with bail jumping in the first degree and bail jumping in the third degree. Approximately four years later, in the fall of 2001, the defendant was arrested and returned to Brooklyn on the bench warrant. In September 2002, the Supreme Court [*2]denied the defendant's motion to withdraw his guilty plea. Thereafter, as part of a new plea agreement, the defendant agreed to plead guilty to bail jumping in the first degree (hereinafter the 2002 conviction) and, in October 2002, the defendant was sentenced as promised to concurrent terms of imprisonment of 2 to 6 years on the 2002 conviction and 4 to 12 years on the 1997 conviction.
In December 2013, the Supreme Court granted the defendant's motion to be resentenced on the 1997 conviction pursuant to the Drug Law Reform Act of 2009 (CPL 440.46), and resentenced the defendant to a term of imprisonment of 4 years to be followed by a period of postrelease supervision of 2 years on the 1997 conviction.
Thereafter, in April 2014, the United States Department of Homeland Security commenced deportation proceedings against the defendant based on his 1997 and 2002 convictions. In May 2014, the defendant moved pursuant to CPL 440.10 to vacate the 1997 conviction, alleging that (1) he was denied the effective assistance of counsel because counsel did not advise him about the available plea offers, the relative merits of the offers, and the conditions that he had to meet to comply with the offer that he accepted, and that his plea would result in his mandatory deportation, and (2) he was denied due process because the Supreme Court never advised him that his plea could lead to his deportation.
By order dated October 28, 2014, the Supreme Court denied the motion without a hearing, holding that the defendant was not denied the effective assistance of counsel insofar as the rule set forth in Padilla v Kentucky (559 US 356) did not apply retroactively in post-conviction proceedings where the conviction had become final before March 31, 2010 (see Chaidez v United States, 568 US 342, 358; People v Baret, 23 NY3d 777, 782), that there had been no affirmative attorney misadvice, and that the defendant could not demonstrate any prejudice. The court also held that the defendant's due process claim was improperly raised on a CPL 440.10 motion because it appeared on the face of the record and was therefore subject to review on direct appeal.
On January 7, 2015, the defendant was deported from the United States. On February 2, 2015, a Justice of this Court granted the defendant leave to appeal from the October 28, 2014 order. After the defendant filed his appellant's brief, the People moved to dismiss the appeal on the ground that the defendant was no longer available to obey the mandate of the Court, as he had been deported to the Dominican Republic.
In People v Harrison (27 NY3d 281), the Court of Appeals reaffirmed its ruling that an intermediate appellate court retains its discretion to dismiss a pending permissive appeal due to a defendant's involuntary deportation. Here, if this Court were to reverse the order appealed from, the defendant would be required to attend and participate in further proceedings in the Supreme Court, which he can no longer do. Accordingly, we grant the People's motion and dismiss the appeal, without prejudice to a motion to reinstate the appeal should the defendant return to this Court's jurisdiction (see id. at 288-290; People v Winter, 159 AD3d 929, 929-930).
DUFFY, J.P., CONNOLLY, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court